## England et al. v. Davis et al.

(Decided May 6, 1938.)

D. M. ALLEN for appellants.

D. Y. COLSON and ROY W. HOUSE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

In May, 1935, Lucinda Spurlock (formerly Lucinda England and née Lucinda Roberts) died intestate. Shortly thereafter, this suit was filed by a number of parties claiming to be her children and grandchildren and seeking to recover of her remote vendee, Frank Stewart, 20 acres of land she and her father and mother had conveyed to William Powell on October 14,

1893, which by mesne conveyances had come to, and since March 2, 1916, has been occupied by, Frank Stewart. These children and grandchildren at the same time and in the same action sought to rid this land of what they thought were adverse occupants, and James Davis et al. were made parties for that purpose.

After the preparation of the case, it was submitted and the court dismissed the action of these children and grandchildren, and they have appealed.

## The Facts Involved.

Prior to April 16, 1890, Pharis Roberts owned 100 acres of land in Clay county. He had twin daughters, and on April 16, 1890, he carved out of this 100-acre tract, two tracts of 20 acres each. One 20-acre tract Roberts and his wife conveyed to their daughter, Armilda Davidson, and the other 20-acre tract they conveyed to her twin sister Lucinda England. We give here a copy of the deed to Mrs. England, and for our convenience have italicized part of it:

"This deed of conveyance made and entered into the 16th day of April 1890 between Pharis Roberts and his wife Sallie Roberts of the County of Clay, and state of Kentucky parties of the first part and *Lucinda England and the heirs she has by Paschal England parties of the second part.* Witnesseth that said party of the first part for and in consideration of the sum of Two Hundred-twenty Dollars. Two Hundred in hand paid, the balance is secured by note the receipt is hereby acknowledged by parties of the first part. The party of the first part *do hereby sell and convey to the party of the second part her heirs and assigns* the following described property situated in Clay County, Ky." (We omit the description.)

"*The said Pharis Roberts reserves one half of the poplar and lynn timber in said boundary and said Roberts binds said England not to rent lease nor sell said land without said Roberts' consent only to each other.*

"To have and hold the same together all the appurtenances thereunto belonging to the parties of the second part her heirs and assigns forever with covenant of General Warranty Deed. The grantors for themselves jointly and separately

hereby relinquish and waive all right title and future claim to homestead and dower in and. to the aforesaid land. In testimony whereof the parties of the first part has hereunto subscribed their names the day and year aforesaid.

"Pharis Roberts.
"Sallie Roberts."

### Rights of These England Children.

The question is, What rights did the children and grandchildren of Lucinda England and Paschal England acquire by this deed? Every right they ever had in the property must be found in these 15 words: *"Lucinda England and the heirs she has by Paschal England parties of the second part."* What rights these 15 words gave to these children and grandchildren is sharply disputed, but this is of no importance, in view of the rights of others given by this deed and what such others have done.

### What Was Done.

Prior to October 14, 1893, Lucinda England (née Roberts) became the wife of Irvine Spurlock and on that date Lucinda Spurlock and her husband, Irvine Spurlock, and Pharis Roberts and his wife conveyed this 20 acres of land to William Powell, from whom by mesne conveyances it has come down to James Stewart. At this point we call attention to these 38 words copied from the deed made April 16, 1890:

*"The said Pharis Roberts reserves one half of the poplar and lynn timber in said boundary and said Roberts binds said England not to rent lease nor sell said land without said Roberts' consent only to each other."*

One perfectly evident effect of this deed was to end forever all claim of Pharis Roberts to this timber. Another effect was to end forever all claim of Lucinda to this 20 acres.

This is the explanation of the last four words "only to each other," found at the conclusion of these 38 words which we have italicized. In the deed to Armilda Davidson also made April 16, 1890, there is found this expression:

"The said Pharis Roberts deserves (reserves) one half of the poplar and lynn timber in said bound-

ary deed, said Roberts binds said Davidson not to rent, nor lease nor sell said land with said Roberts' consents only to each other.''

Both these deeds were made and acknowledged the same day and before the same officer, and presumably were both then delivered. The deeds are both now of record in the office of the clerk of the Clay county court, one in Book ''O,'' page 209, the other in Book ''P,'' page 15. From this it is perfectly evident these four words mean Mrs. England and Mrs. Davidson might sell to each other without the consent of their father and mother.

That leaves these 17 words: ''Said Roberts binds said England not to rent, lease nor sell said land without said Roberts' consent.''

Those words mean not only what is actually said in them, but carry the necessarily implied meaning that with that consent she could sell it. Hence we hold that, when Lucinda England (then Lucinda Spurlock) and her father and mother, on October 14, 1893, joined in the deed to William Powell, they conveyed to him a fee-simple title, and all the rights of Lucinda's children and grandchildren in this land as such then came to an end. The same deed in which must be found every right these children and grandchildren are now asserting gave to Lucinda and reserved to her father and mother power, by uniting with Lucinda to convey a fee, and they did.

Judgment affirmed.